IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES DERSAM                                                                          PLAINTIFF

            v.                        Civil No. 4:20-cv-04008

DR. MELANIE JONES                                                                     DEFENDANT

## **ORDER**

Plaintiff James Dersam filed this 42 U.S.C. § 1983 action *pro se* on January 13, 2020. (ECF No. 1).  On June 10, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 21).  Before the Court is Plaintiff's failure to comply with orders of this Court.

On July 30, 2020, Defendant filed a Motion for Summary Judgment on the Issue of Exhaustion.  (ECF No. 26).  The following day, the Court entered an order directing Plaintiff to file a response to Defendant's motion by August 21, 2020.  (ECF No. 29).  On August 20, 2020, Plaintiff filed a Motion for Extension of Time to respond.  (ECF No. 32).  On August 25, 2020, the Court granted the motion extending the deadline for Plaintiff to file a response until October 16, 2020.  (ECF No. 33).  The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed.  Plaintiff did not comply with this Court's order to file a response to the motion and the order was not returned as undeliverable.

On October 19, 2020, the Court directed Plaintiff to show case as to why he failed to file a response to Defendant's motion.  (ECF No. 36).  This order informed Plaintiff that failure to show cause by October 29, 2020, would result in this case being dismissed.  On November 2, Plaintiff filed a Response to the show cause order stating, "Due to Covid-19 our law library has been closed.

. .”  (ECF No. 37).  Plaintiff also noted that on September 19, 2020, the Court had granted Defendant's motion to extend the deadline for fling motions for summary judgment until January 29, 2021.  *Id.*

On that same day, November 2, the Court ordered Plaintiff to file a Response to Defendant's Motion for Summary Judgment on the Issue of Exhaustion by November 23, 2020. (ECF No. 38).  This order explained Plaintiff had misconstrued the Court's September 18, 2020, order extending the deadline for discovery and the filing of summary judgment motions.[1]  This November 2, 2020 order made clear a response to the Motion for Summary Judgment was required by November 23, 2020.  The Order also stated, "NO FURTHER EXTENSIONS OF THE NOVEMBER 23, 2020, DEADLINE FOR PLAINTIFF TO FILE A RESPONSE WILL BE GRANTED.  Plaintiff is advised that failure to timely comply with the Court's imposed deadline will result in this case being dismissed without prejudice."  (ECF No. 38).  To date, Plaintiff has not filed a Response to Defendant's summary judgment motion and the order directing him to do so has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

---

[1] On September 18, 2020, the Court granted Defendant's motion to extend the deadline for discovery and the deadline to file motions for summary judgment.  (ECF No. 35).  Defendant requested the extension of time because she believed the motion for summary judgment on the issue of exhaustion would be dispositive of this case.  (ECF No. 34).

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of this Court and has failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED, this 30th day of November 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE